BENEDICT, District Judge.
The question to be decided in this case is one of application of payments. The libel is to recover wharfage on the yacht Peerless. On a reference to ascertain the amount of the claim, it appeared that the libelant had not credited to the claimant $200 paid by him to the libelant on the wharfage account; the said sum having been credited by the libelant upon another account, to wit, upon a claim held by the libelant for brokerage for selling the yacht. When the $200 was paid by the claimant to the libelant, he made no designation of any account to which it should be credited; and the libelant, on receiving the money, credited the same upon the account which he sets up against the claimant for brokerage on the purchase of the yacht in Boston. The question is whether he can so credit this amount.
It is to be noticed that the liability which the libelant asserts against the claimant is not a primary liability. The yacht was sold to the claimant Ackerly by a man by the name of Lewis, in Boston, and Ackerly was not bound to pay the brokerage by usage. His lia *943 bility must depend, therefore, upon a special agreement on his part so to do. The question is whether the evidence shows any such agreement on his part. The seller, Lewis, is not called as a witness. The claimant denies his liability, and denies any agreement to pay the brokerage. The brokerage in the first instance was charged by the libelant to Lewis, and I find no evidence in the case which would justify finding that Ackerly assumed that debt. The fact that, when the boat was sold, the present libelant charged the brokerage to Lewis, and rendered him a bill therefor, is adverse to the contention that there was then an agreement by Ackerly to pay brokerage. A man named Mitchell appears to have had much to do with the sale of the yacht to Ackerly, but he is not called as a witness, nor is there evidence that, if he had authority to bind the claimant, he ever did so. It is true that the libelant rendered to Ackerly some bills in which the $200 was credited on the demand for brokerage, to which Ackerly paid no attention, but the liability for this brokerage he had always denied. Bills rendered under such circumstances do not bring the case within the rules applied to accounts stated.
In my opinion the $200 was improperly disallowed as a credit, and should be credited upon the bill for wharfage, which was the only stated account then existing between the parties. The report is confirmed, except as to the $200, and a decree may be entered for the sum of $1,025.75.